Edward J. Morales, Esq., SBN 176062
BORTON PETRINI, LLP
626 Wilshire Boulevard, Suite 975
Los Angeles, California 90017
Tel: (213) 624-2869
Fax: (213) 489-3930
emorales@bortonpetrini.com

Attorneys for Defendant UNITED FINANCIAL CASUALTY COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BROSNAN,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED FINANCIAL CASUALTY<br>COMPANY, AND DOES 1 TO 9,<br><br>              Defendants. | 2:21-CV-08549-FLA (JCx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) AND 12(b)(6); AND TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(f)**<br><br>**Date:**     June 17, 2022<br>**Time:**     1:30 p.m.<br>**Place:**     First Street Courthouse, 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012<br>**Judge:** Fernando L. Aenlle-Rocha<br>**Action Filed:** October 28, 2021 |

1

2:21-CV-08549-FLA (JCX)     MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT
TO FRCP 9(b) AND 12(b)(6); AND TO STRIKE  CLAIM FOR PUNITIVE DAMAGES PURSUANT TO FRCP 12(f)

**TO THE PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on **June 17, 2022**, or as soon thereafter as the matter may be heard, at **1:30 p.m.** in the First Street Courthouse, 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, before the Honorable. Fernando L. Aenlle-Rocha, Defendant, UNITED FINANCIAL CASUALTY COMPANY will and hereby does move to dismiss with prejudice and without leave to amend all claims against Defendant within Plaintiff, John Brosnan's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("Rule") 9(b) and Rule 12(b)(6). Specifically, as set forth in detail within the Memorandum of Points and Authorities filed in support of the Motion to Dismiss and filed concurrently herewith, Defendant moves to dismiss the allegations in the SAC on the following grounds:

1.  Plaintiff's SAC fails to plead fraud with the particularity required by Rule 9(b);

2.  Plaintiff's civil conspiracy claim, which appears to be grounded in fraud, fails to plead fraud with the particularity required by Rule 9(b);

3.  If Plaintiff's civil conspiracy claim is not based in fraud, then Plaintiff's civil conspiracy claim fails to identify the tort that would activate the conspiracy;

4.  Plaintiff's SAC fails to allege facts sufficient to state a civil conspiracy claim.

Defendant also moves to strike Plaintiff's claim for punitive damages from the SAC pursuant to Rule 12(f). Specifically, Defendant Moves to Strike the following portion of Plaintiff's Prayer for Damages:

"7. Awarding punitive damages;" (SAC, p. 8, line 12)

This Motion is based upon this Notice of Motion and Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, Defendant's anticipated Reply in Support of the Motion, all other pleadings and papers filed herein, the oral argument of counsel at the hearing on the Motion, and any such matters as the Court

2

2:21-CV-08549-FLA (JCX)   MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 9(b) and 12(b)(6);AND TO STRIKE CLAIMFOR PUNITIVE DAMAGES PURSUANT TO FRCP 12(f)

deems proper.

This Motion is exempt from Local Rule 7-3 requirement to confer with opposing counsel prior to filing this motion because cases involving pro se litigants are exempt pursuant to Local Rule 16-12.

Dated:  May 3, 2022                               BORTON PETRINI, LLP


By _____
EDWARD J. MORALES, Attorneys for
Defendant UNITED FINANCIAL
CASUALTY COMPANY

## Table of Contents

I.    INTRODUCTION ................................................................. 8

II.   FACTUAL BACKGROUND ................................................. 8

III.  STANDARD OF REVIEW ................................................. 10

   A.   Standard for a Rule 12(b)(6) Motion to Dismiss. .................................. 10

   B.   Standard for a Rule 9(b) Motion to Dismiss.......................................... 11

   C.   Standard for a Rule 12(f) Motion to Strike............................................. 12

III.  ARGUMENT ..................................................................... 14

   A.   The Court Should Dismiss Plaintiff's FAC as Plaintiff Failed To Plead Fraud with Sufficient particularity under Rule 9(b) and Rule 12(b)(6). .................................. 14

     1.   Plaintiff Failed to Plead His Fraud Cause of Action With the "Particularity" Required by Rule 9(b). ........................................................... 15

     2.   Plaintiff's Civil Conspiracy Claim, Which is Grounded in Fraud, Should Be Dismissed Under Rule 9(b) and Rule 12(b)(b). ......................................... 17

   B.   The Court Should Dismiss Plaintiff's Civil Conspiracy Claim Under Rule 12(b)(6). ............................................................... 18

     1.   The Court Should Dismiss Plaintiff's Civil Conspiracy Cause of Action Under Rule 12(b)(6), Because He Has Failed to Identify the Tort that Activates the Conspiracy. ....................................................... 19

     2.   The Court Should Dismiss Plaintiff's Civil Conspiracy Cause of Action Under Rule 12(b)(6), Because the FAC Lacks Sufficient Facts to State a Claim. ............... 19

   C.   The Court Should Strike Plaintiff's Claim for Punitive Damages Under Rule 12(f).20

V.   CONCLUSION ................................................................... 21

i

# **TABLE OF AUTHORITIES**

## **Cases**

Ackerman v. Northwestern Mut. Life Ins. Co., 172 F3d 467, 469 (7th Cir. 1999) .......... 11

Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510 (1994) .. 12, 13

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ................................................................. 6, 15

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983) ............................................................................................................... 6

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 701 (9th Cir.1988) ............................. 7

Bank of the West v. Valley Nat'l Bank of Ariz., 41 F.3d 471, 477 (9th Cir.1994) .......... 11

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)........................................ 6, 12, 15

Bly–Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001)......................................... 7

Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir.2001).................................................. 7

Choate v. Cty. of Orange, 86 Cal. App. 4th 312, 333 (2000) ....................................... 14

Clark v. Allstate Ins. Co., 106 F.Supp.2d 1016, 1018 (S.D.Cal.2000) ........................... 15

Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011) ............................. 5

Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)..................................................... 10

Daniels v. Select Portfolio Servicing, Inc., 2016 WL 1688595 (Cal. App. 6th Dist. 2016) ................................................................................................................................. 13

Desaigoudar v. Meyercord, 223 F.3d 1020, 1022-1023 (9th Cir. 2000) ................... 10, 11

Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)................................................... 6

Eminence Capital v. Aspeon, Inc., 316 F.3d 1048 (9th Cir.2003)................................... 7

Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) ............................................... 8

Hackethal v. Nat'l Cas. Co., 189 Cal.App.3d 1102 (Cal.Ct.App.1987)........................... 11

Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir.1985) ....................................................... 9

In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994)......................... 10, 15

In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996) ................................. 10

Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791, 796 (9th Cir.1996)............. 9

Kelley v. Corr. Corp. of Am., 750 F.Supp.2d 1132, 1147 (E.D.Cal.2010) ..................... 15

Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1581 (1995)................ 12, 14

Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017 (5th Cir.1996)......................... 7

Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008)............... 6

Minger v. Green, 239 F.3d 793, 800 (6th Cir.2001) ....................................................... 9

Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir.1996)................................................... 11

Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989)................. 10

Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir. 1993).................................................... 9

Nguyen v. CTS Electronics Mfg. Solutions Inc., 301 F.R.D. 337, 342 (N.D.Cal.2014) 8, 9

Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F.Supp.2d 1048, 1057 (N.D.Cal.2004) ......... 8, 9
Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th
    Cir. 2014) ................................................................................................................... 6
Roberts v. Francis, 128 F.3d 647, 650–51 (8th Cir.1997) ................................................ 9
Robinson Helicopter Co. v. Dana Corp., 34 Cal. 4th 979, 990 (2004) ........................... 11
Ross v. Bolton, 904 F.2d 819, 823 (2d Cir.1990) ............................................................ 10
Schick v. Bach, 193 Cal. App. 3d 1321, 1328 (1987)...................................................... 12
Seattle–First Nat'l Bank v. Carlstedt, 800 F.2d 1008, 1011 (10th Cir.1986)................... 7
SEC v. Todd, 642 F.3d 1207, 1216 (9th Cir.2011) .......................................................... 15
Sidney–Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983) .......................... 8
Sliger v. Prospect Mortg., LLC, 789 F.Supp.2d 1212, 1216 (E.D.Cal.2011)................... 8
Somera v. Indymac Fed. Bank, FSB, Case No. 09–1947, 2010 WL 761221 (E.D.Cal.
    Mar. 3, 2010).............................................................................................................. 15
Taheny v. Wells Fargo Bank, N.A., 2011 WL 1466944, at *4 (E.D. Cal. Apr. 18, 2011)15
Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010)................................ 6
Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107–08 (9th Cir. 2003) .............. 7, 9, 10
Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970 (9th Cir.2010) ........................... 8, 9
Williams v. WMX Technologies, Inc., 112 F3d 175, 178 (5th Cir. 1997) ....................... 11
Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 784 (1979)............................................ 12

**Statutes**

Fed. [R.] Civ. P. 12(b)(6) ................................................................................................. 7
Fed. Rule. Civ. P. 9(b) ..................................................................................................... 15
Federal Rule of Civil Procedure "9(b) ............................................................................. 9
Federal Rule of Civil Procedure 12(b)(6) ......................................................................... 5
Federal Rule of Civil Procedure 8(a)(2).......................................................................... 5

**Other Authorities**

5A Wright & Miller, Federal Practice and Procedure § 1380 (2014)............................... 9

**Rules**

Fed. R. Civ. P. 9(b) .......................................................................................................... 9
Fed.R.Civ.P. 12(f) ............................................................................................................ 8
Federal Rule of Civil Procedure 8(b)(3) .......................................................................... 8
Local Rule 16-12 ............................................................................................................. 16
Local Rule 7-3 ................................................................................................................. 16
Rule (9)(b) ...................................................................................................................... 12
Rule 12(b)(6) .................................................................................... 6, 7, 13, 14, 16
Rule 12(b)(b) .................................................................................................................. 12
Rule 12(f) ............................................................................................... 8, 15, 16

Rule 9(b) ................................................................................ 6, 7, 9, 10, 11, 12, 13
Rules 9(b) ................................................................................................ 16

iv

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff, John Brosnan filed his Second Amended Complaint against Defendant, UNITED FINANCIAL CASUALTY COMPANY pursuant to this Court's granting of Defendant's Motion to Dismiss Plaintiff's First amended complaint. Plaintiff's Second Amended Complaint alleges again alleges that Defendant engaged in fraud against him, and Defendant conspired with un-named Defendants to defraud him. (See Docket ("Dkt.") 32, Second Amended Complaint ("SAC")).   Plaintiff bases his claims on Defendant's alleged conduct and representations concerning "Bodily Injury Insurance Coverage" for Defendant's insured as it applied to Plaintiff.

For the reasons herein, Defendant moves this Court to dismiss Plaintiff's SAC.

## II.   FACTUAL BACKGROUND

On October 28, 2021, Plaintiff filed the initial Complaint ("the Complaint") in this action.   (Dkt.   1).   On November 9, 2021, Plaintiff filed his First Amended Complaint ("FAC").   (Dkt.   11).   On April 14, 2022, Plaintiff filed the SAC which is operative pleading for this matter.

In the SAC, Plaintiff avers that on August 2, 2020, he was involved in a motor vehicle accident with Defendant's insured.   (SAC at p. 2, lines 12-17).   Plaintiff alleges that Defendant as an out of state Corporation is required to register with the Clerk of Sacramento County and that Defendant has not so registered.   (SAC at p. 2, lines 24-26)   Plaintiff alleges that Defendant was required to register as Fictitious Business name statement and that it has not done so.   (SAC at p. 2, lines 27-28)   Plaintiff alleges that Defendant represented that it was lawfully conducting business in California and asserts that Defendant is operating illegally (SAC at p. 3, line 1-2)   Plaintiff alleges that,

1

following the motor vehicle accident, Defendant's claims adjuster represented to Plaintiff that Defendant's insured did not have "Bodily Injury Coverage." (SAC, at p. 4, lines 2-5). Defendant's claims adjuster sent a release with $0.00 and inserted a partial copy of the release in the SAC. Plaintiff alleges the claims adjuster sent the release to establish the position that Defendant's did not have bodily injury. (SAC, at p. 4, lines 6-20). Plaintiff believed that the $0.00 release was being offered because the Insured did not have Bodily Injury Coverage and that the claims adjuster told him that since there was no Bodily Insurance Coverage and that Defendant would not be compensating Plaintiff for his injuries. (SAC, at p. 4, lines 21-25).

Plaintiff further alleges that through contact with the California Department of Insurance he learned that Defendant's representative who informed Plaintiff that the Insured did not have Bodily Injury Insurance coverage was not being truthful with Plaintiff. (SAC p. 4, lines 26-27).

Plaintiff alleges that the Fair Claims Settlement Practices Regulations (FCSPR) govern how an insurance company must interact with the claimant and that these regulations are regularly violated by Defendant. (SAC p. 4, line 28 p. 3) Specifically, Plaintiff claims that Defendant violated section 2695.4 of the FCSPR when Defendants claims adjuster informed Plaintiff that Defendant's insured did not have Bodily Injury Coverage. (SAC p. 4, line 28 to p. 5 line 15).

Plaintiff further alleges that defendant did not comply with section 2695.7 of the FCSPR by not accepting, denying in whole or part the claim within 40 days in writing. (SAC p. 5, line 15 to p. 6, line 5).

The SAC contains two causes of action – Fraud and Civil Conspiracy. (SAC, p. 6, line 6 and line 18).

The SAC's fraud cause of action is only asserted against Defendant. (*SAC p. 6, line 6-8*). Plaintiff attempts to support his fraud claim by incorporating paragraphs 1-55 of the SAC. (SAC p. 6, line 56). Plaintiff then offers the conclusory allegation that,

2

"Defendants engaged in fraud against Plaintiff." (SAC, at p. 6, line 10).

The SAC's civil conspiracy cause of action is asserted against "Defendants" although there is only one Defendant named in this case. (SAC, at p. 6, lines 18-20). Plaintiff attempts to support his civil conspiracy claim by incorporating paragraphs 1-61 of the SAC. (SAC p. 6, line 21). Plaintiff then offers the following conclusory allegations: "Defendants and each of them, knowingly and willfully conspired and agreed amongst themselves to engage in the unfair and illegal acts described above;" Plaintiff re-asserts that the claims adjuster told Plaintiff that the Insured did not have Bodily Injury Coverage to avoid compensating Plaintiff and, the conclusory allegation that the "Plaintiff has been damaged." (SAC, p. 6, 22-28; p.7, 69)

## III.   STANDARD OF REVIEW

### A.   Standard for a Rule 12(b)(6) Motion to Dismiss.

A Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. *See Conservation Force v. Salazar*, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'

2:21-CV-08549-FLA (JCX)   MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 9(b) and 12(b)(6);AND TO STRIKE CLAIMFOR PUNITIVE DAMAGES PURSUANT TO FRCP 12(f)

" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. *See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). But a court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *see Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

**B.    Standard for a Rule 9(b) Motion to Dismiss.**

A motion to dismiss a complaint or claim "grounded in fraud" under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107–08 (9th Cir. 2003). If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint. *Id.* In that event, a motion to dismiss under Rule 12(b)(6) would obviously be granted. *Id.* Because a dismissal of a complaint or claim grounded in fraud for failure to comply with Rule 9(b) has the same consequence as a dismissal under Rule 12(b)(6), dismissals under the two rules are treated in the same manner. *Id.*; *See also Lovelace v. Software Spectrum, Inc.*, 78 F.3d

4

1015, 1017 (5th Cir.1996) ("We treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."); *Seattle–First Nat'l Bank v. Carlstedt,* 800 F.2d 1008, 1011 (10th Cir.1986) ("The dismissal of a complaint or counterclaim for failing to satisfy the requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted under Fed. [R.] Civ. P. 12(b)(6).").

As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice.  "[L]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Vess,* 317 F.3d at 1107–08 (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 701 (9th Cir.1988) (internal quotation marks omitted) (alteration in original).  *See also Bly–Magee v. California,* 236 F.3d 1014, 1019 (9th Cir.2001) (when dismissing for failure to comply with Rule 9(b) "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts") (internal quotation marks omitted); *Caputo v. Pfizer, Inc.,* 267 F.3d 181, 191 (2d Cir.2001) (where the plaintiff has requested leave to amend in the event the court is inclined to dismiss on Rule 9(b) grounds, "the failure to grant leave to amend is an abuse of discretion unless the plaintiff has acted in bad faith or the amendment would be futile"). *See also Eminence Capital v. Aspeon, Inc.,* 316 F.3d 1048 (9th Cir.2003).

## C.     Standard for a Rule 12(f) Motion to Strike.

Federal Rule of Civil Procedure 8(b)(3) requires a party to state "a demand for the relief sought, which may include relief in the alternative or different types of relief." Rule 12(f) permits a court to "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).  A matter is immaterial if it "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). A matter is impertinent

5

2:21-CV-08549-FLA (JCX)     MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT
TO FRCP 9(b) and 12(b)(6);AND TO STRIKE CLAIM FOR PUNITIVE DAMAGES PURSUANT TO FRCP 12(f)

if it consists of statements that do not pertain to and are not necessary to the issues in question. *Id.* Redundant allegations are those that are wholly foreign to the issues involved or the needless repetition of allegations. *Sliger v. Prospect Mortg., LLC,* 789 F.Supp.2d 1212, 1216 (E.D.Cal.2011); *Nguyen v. CTS Electronics Mfg. Solutions Inc.,* 301 F.R.D. 337, 342 (N.D.Cal.2014).

A Rule 12(f) motion to strike serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir.1983); *see also Fantasy,* 984 F.2d at 1527. Granting a motion to strike may be proper if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues. *Fantasy,* 984 F.2d at 1527–28. However, motions to strike are generally disfavored and "should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.,* 352 F.Supp.2d 1048, 1057 (N.D.Cal.2004) (citations omitted). "Some courts also refuse to grant Rule 12(f) motions unless prejudice would result to the moving party from denial of the motion." *Id.* If there is any doubt whether the challenged matter might bear on an issue in the litigation, the motion to strike should be denied, and assessment of the sufficiency of the allegations left for adjudication on the merits. *See Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970 (9th Cir.2010); *see also* 5A Wright & Miller, *Federal Practice and Procedure* § 1380 (2014).

"With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt,* 352 F.Supp.2d at 1057 (citations omitted). Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court. *See Whittlestone,* 618 F.3d at 973; *see also Nguyen,* 301 F.R.D. at 342.

# III.   ARGUMENT

**A.   The Court Should Dismiss Plaintiff's SAC as Plaintiff Failed To Plead Fraud with Sufficient particularity under Rule 9(b) and Rule 12(b)(6).**

Federal Rule of Civil Procedure "9(b)'s particularity requirement applies to state-law causes of action." *Vess*, 317 F.3d at 1103 (9th Cir. 2003). "[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.1985) (emphasis in original). *See also Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir.1996) (applying Rule 9(b) to pleading of state-law cause of action); *Minger v. Green*, 239 F.3d 793, 800 (6th Cir.2001) (same); *Roberts v. Francis*, 128 F.3d 647, 650–51 (8th Cir.1997) (same).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The heightened pleading requirement of Rule 9(b) applies not only where fraud is an essential element of a claim, but where the claim is "grounded in fraud" or "sound[s] in fraud." *Vess*, 317 F.3d at 1103–04.

The heightened pleading requirements of Rule 9(b) are designed "to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993). In order to provide such notice, "the complaint must specify such facts as the times, dates, places, and benefits received, and other details of the alleged fraudulent activity." *Id.* at 672. In other words, "[a]verments of fraud must be accompanied by 'the who, what, when where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)), *superseded by statute on other grounds.* " '[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction.

7

The plaintiff must set forth what is false or misleading about a statement, and why it is false.' " *Id.* (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)). "While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud" are not. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000) (fraud must be pled "with a high degree of meticulousness").

"Rule 9(b) serves to ... protect professionals from the harm that comes from being subject to fraud charges." *Vess*, 317 F.3d at 1104 (citing to *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996); *See also Ross v. Bolton,* 904 F.2d 819, 823 (2d Cir.1990) (Rule 9(b)'s heightened pleading requirement "safeguards defendant's reputation and goodwill from improvident charges of wrongdoing"). Fraud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) in every case. *Vess*, 317 F.3d at 1104.

### 1. Plaintiff Failed to Plead His Fraud Cause of Action With the "Particularity" Required by Rule 9(b).

In California, the "indispensable elements of fraud claim" include: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004); *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir.1996) (quoting *Bank of the West v. Valley Nat'l Bank of Ariz.,* 41 F.3d 471, 477 (9th Cir.1994), quoting *Hackethal v. Nat'l Cas. Co.,* 189 Cal.App.3d 1102 (Cal.Ct.App.1987)).

As set forth above, Rule 9(b) fraud must be plead "with a high degree of meticulousness." *Desaigoudar*, 223 F.3d at 1022-1023. Here, Plaintiff does not come close to meeting Rule 9(b)'s heightened pleading standard. Under the "First Cause of

8

Action" section of the SAC, Plaintiff offers nothing more than the mere conclusory allegation of fraud, stating, "Defendants engaged in fraud against Plaintiff."

Plaintiff's incorporation of paragraphs 1-55 *might* lead to the Court to the "reasonable inference" that Plaintiff's fraud claim is based on Defendant's alleged conduct and representations concerning their insured's "Bodily Injury Insurance Coverage." However, Plaintiff seems to be under the impression that he can task Defendant and/or the Court with filling in the blanks on all of the elements of his fraud claim. This is clearly a mistaken impression, as Rule 9(b) requires far more.

It is Plaintiff's burden to explain how the alleged facts are tantamount to fraud. He must identify a misrepresentation and explain that the person making the representation had knowledge of the falsity of the statement and explain how they were acting with an intent to defraud and to induce reliance. The SAC is absent any allegations that Plaintiff relied on any statements and if so, if that the reliance on any fact was justifiable.

Moreover, there are no allegations as to how any of the facts alleged cause Plaintiff damage and if in fact Plaintiff had any damages other than the conclusory statement that he was damages. Federal and State pleading standard for fraud require more specificity.

There are several facts asserted about Defendant not operating lawfully in CA and that Defendant is required to file a DBA. Attached is a request for Judicial Notice of Defendant registration with the Secretary of State and Company Profile with the California Department of Insurance. The Secretary of State document shows that Defendant is a registered Corporation with the State of California and that as such it is legal entity, and it is not required to register its name as DBA. Furthermore, the Company Profile indicates that Defendant is registered with the California Department of Insurance. Nevertheless, Plaintiff fails to demonstrate how any of these alleged facts contribute toward a fraud cause of action. (See, Defendant's Request for Judicial Notice

file concurrently herewith.)

Plaintiff bears the burden of identifying the "who, what, when, where, and how" for every element of his fraud cause of action. "By requiring the plaintiff to allege the who, what, where, and when of the alleged fraud, the rule requires the plaintiff *to conduct a precomplaint investigation in sufficient depth* to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F3d 467, 469 (7th Cir. 1999) (*emphasis added*). As one court emphasized, in fraud cases "the who, what, when, and where must be laid out *before* access to the discovery process is granted." *Williams v. WMX Technologies, Inc.,* 112 F3d 175, 178 (5th Cir. 1997).

Rule 9(b) requires Plaintiff to plead his fraud cause of action with the "particularity" that would provide Defendant with sufficient information to formulate a defense. Defendant cannot be made to guess as to the facts that would support each "indispensable element of a fraud claim."

With the foregoing in mind, Defendant respectfully requests that the Court dismiss Plaintiff's fraud cause of action with prejudice under Rule (9)(b).

### 2.    Plaintiff's Civil Conspiracy Claim, Which is Grounded in Fraud, Should Be Dismissed Under Rule 9(b) and Rule 12(b)(b).

Civil conspiracy "is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510 (1994) (citing *Wyatt v. Union Mortgage Co.*, 24 Cal. 3d 773, 784 (1979)). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Applied Equipment Corp.*, 7 Cal. 4th at 511. Civil conspiracy consists of three elements: "(1) the formation and operation of the conspiracy, (2) wrongful conduct

10

2:21-CV-08549-FLA (JCX)   MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FRCP 9(b) and 12(b)(6);AND TO STRIKE CLAIMFOR PUNITIVE DAMAGES PURSUANT TO FRCP 12(f)

in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct." *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1581 (1995). "The conspiring defendants must . . . have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Id.*, at 1582 (citing *Wyatt*, 24 Cal. 3d at 784-86). This knowledge must be combined with an intent to aid in achieving the objective of the conspiracy. *Kidron*, 40 Cal. App. 4th at 1582; *Schick v. Bach*, 193 Cal. App. 3d 1321, 1328 (1987). A claim of unlawful conspiracy must contain "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Twombly*, 550 U.S. at 556. A bare allegation that a conspiracy existed does not suffice.

Here, Plaintiff's civil conspiracy cause of action appears to be grounded in fraud as Plaintiff alleges, "Defendants conspired with each other to defraud Plaintiff." As discussed above, Plaintiff's fraud claim should be dismissed as he has failed to plead the claim with the particularity required by Rule 9(b). Because civil conspiracy is not a standalone cause of action, Plaintiff's civil conspiracy claim must also be dismissed pursuant to Rule 9(b) and Rule 12(b)(6) for failure to state a claim.

Furthermore, Plaintiff's cause of action for Conspiracy fails to identify any actors other than Defendant. A Conspiracy is an agreement of two or more people to commit an illegal act with an intent to achieve the agreement's goal. Here there are no allegations of two or more people forming a conspiracy and as such this cause of action should be dismissed.

With the foregoing in mind, Defendant respectfully requests that the Court dismiss Plaintiff's civil conspiracy cause of action with prejudice under Rule 9(b) and Rule 12(b)(6) for failure to state a claim.

## B.     The Court Should Dismiss Plaintiff's Civil Conspiracy Claim Under Rule 12(b)(6).

1.   **The Court Should Dismiss Plaintiff's Civil Conspiracy Cause of Action Under Rule 12(b)(6), Because He Has Failed to Identify the Tort that Activates the Conspiracy.**

As explained, "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." *Daniels v. Select Portfolio Servicing, Inc.*, 2016 WL 1688595 (Cal. App. 6th Dist. 2016); *Applied Equipment Corp.*, 7 Cal. 4th at 511.

If Plaintiff's civil conspiracy claim is not based in fraud, then Plaintiff's SAC has failed to identify the underlying tort. Plaintiff merely alleges that "Defendants . . . conspired to engage in the unfair and illegal acts described above." Again, Plaintiff is asking Defendant and/or the Court to read through the SAC and do his work by identifying the tort that underlies his conspiracy claim. Because, Plaintiff has failed to plead or identify the underlying tort, the Civil Conspiracy cause of action does not survive.

With the foregoing in mind, Defendant respectfully requests that the Court dismiss Plaintiff's civil conspiracy cause of action with prejudice under Rule 12(b)(6) for failure to state a claim.

2.   **The Court Should Dismiss Plaintiff's Civil Conspiracy Cause of Action Under Rule 12(b)(6), Because the SAC Lacks Sufficient Facts to State a Claim.**

" 'The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act.' The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Kidron*, 40 Cal.App.4th at 1582 (internal citations omitted). "Because civil conspiracy is so easy to allege, plaintiffs have a weighty burden to prove it. They must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common

12

and unlawful plan, and that one or more of them committed an overt act to further it.  It is not enough that the conspiring officers knew of an intended wrongful act, they had to agree - expressly or tacitly - to achieve it.  Unless there is such a meeting of the minds, 'the independent acts of two or more wrongdoers do not amount to a conspiracy.' " *Choate v. Cty. of Orange*, 86 Cal. App. 4th 312, 333 (2000), as modified on denial of reh'g (Jan. 17, 2001).

Here, Plaintiff offers the bare allegation of a conspiracy by doing nothing more than reciting the elements of a civil conspiracy.  The SAC demonstrates no effort to plead facts in support of the first element of civil conspiracy – "formation and operation of the conspiracy."  There is no discussion of the supposed formation of the agreement from which a conspiracy would have been born, or of the manner in which the supposed conspiracy was performed.  Moreover, Plaintiff has only identified Defendant as a party to the conspiracy.  Plaintiff uses the plural by referring to "Defendants," but makes no effort to even suggest the identity of the other party(ies) to this supposed conspiracy.  As for damages, Plaintiff simply states, "Plaintiff has been damaged."

With the foregoing in mind, Defendant respectfully requests that the Court dismiss Plaintiff's civil conspiracy cause of action with prejudice under Rule 12(b)(6) for failure to state a claim.

**C.    The Court Should Strike Plaintiff's Claim for Punitive Damages Under Rule 12(f).**

"Although Section 3294 provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure—the provisions governing the adequacy of pleadings in federal court." *Clark v. Allstate Ins. Co.,* 106 F.Supp.2d 1016, 1018 (S.D.Cal.2000).  Under Fed. Rule. Civ. P. 9(b) , "malice, intent, knowledge, and other conditions of the mind may be alleged generally."  In the Ninth Circuit, plaintiffs need not plead "any particularity in connection with an averment of intent, knowledge or

13

condition of the mind." *In re GlenFed Sec. Litig.*, 42 F.3d 1541, 1547 (9th Cir.1994) (en banc), *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir.2011). Accordingly, "in federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Clark*, 106 F.Supp.2d at 1019; *see also Somera v. Indymac Fed. Bank, FSB*, Case No. 09–1947, 2010 WL 761221 (E.D.Cal. Mar. 3, 2010) ("Under federal pleading standards, defendant's argument that plaintiff must plead specific facts to support allegations for punitive damages is without merit."); *Taheny v. Wells Fargo Bank, N.A.*, 2011 WL 1466944, at *4 (E.D. Cal. Apr. 18, 2011) (same); *but see Kelley v. Corr. Corp. of Am.*, 750 F.Supp.2d 1132, 1147 (E.D.Cal.2010) (rejecting conclusory allegations of malice, fraud, or oppression as not reflecting new pleading regime under *Twombly* and *Iqbal* ).

Here, as detailed above, Defendant is asking the Court to dismiss Plaintiff's fraud cause of action and his civil conspiracy cause of action as it is based in fraud. Defendant understands that naked averments of fraud can support punitive damages claim, but Defendant contends that the SAC fails even in that regard. Defendant asserts "Fraud" as a cause of action, but does little to nothing else in support of the claim.

With the foregoing in mind, Defendant respectfully requests that the Court strike Plaintiff's claim for punitive damages under Rule 12(f).

## V.    **CONCLUSION**

For the reasons cited above, DEFENDANT respectfully requests that the Court: (1) Dismiss Plaintiff's SAC under Rules 9(b) and 12(b)(6) for failure to plead fraud with sufficient particularity and for failure to state a civil conspiracy claim; and (2) Strike Plaintiff's claim for punitive damages under Rule 12(f).

This Motion is exempt from Local Rule 7-3 requirement to confer with opposing counsel prior to filing this motion because Plaintiff is in pro se and cases involving pro se litigants are exempt pursuant to Local Rule 16-12.

14

1

2

3    Dated:  May 4, 2022                    BORTON PETRINI, LLP

4

5                                          By

6                                              EDWARD J. MORALES, Attorneys for
                                             Defendant UNITED FINANCIAL
7                                            CASUALTY COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2:21-CV-08549-FLA (JCX)     MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT
TO FRCP 9(b) and 12(b)(6);AND TO STRIKE CLAIMFOR PUNITIVE DAMAGES PURSUANT TO FRCP 12(f)